**SIGNED this 12 day of January, 2010.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re | |
| DAVID ELMER HATLEY, II | No. 09-51414 |
| Debtor. | Chapter 7 |
| AMERICAN PRESIDENT LINES LTD, INC., | |
| Plaintiff, | |
| vs. | Adv. Pro. No. 09-5088 |
| DAVID E. HATLEY, II | |
| Defendant. | |

**M E M O R A N D U M**

APPEARANCES:

Chadwick B. Tindell, Esq.
Stone & Hinds, PC
507 Gay Street, S.W.
Knoxville, Tennessee 37902
*Attorney for American President Lines Ltd, Inc.,*

Mark S. Dessauer, Esq.
Hunter, Smith & Davis, LLP
Post Office Box 3740
Kingsport, Tennessee 37664
*Attorney for David E. Hatley, II*

**Marcia Phillips Parsons, United States Bankruptcy Judge**. This adversary proceeding is before the court on a motion by plaintiff American President Lines Ltd., Inc. ("APL") requesting that the action be remanded to the Chancery Court for Washington County, Tennessee. APL contends that it should be allowed to pursue its claim against defendant David Hatley ("Debtor") in state court because the claim is nondischargeable under 11 U.S.C. § 523(a)(3)(A) due to the Debtor's failure to give timely notice of his bankruptcy filing. Also before the court is the Debtor's motion to dismiss the complaint for failure to state a claim, based on the Debtor's contention that any obligation he may owe APL has been discharged. For the reasons discussed hereafter, the Debtor's motion to dismiss will be granted and APL's motion to remand denied. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(B), (I), and (O).

I.

The Debtor filed his voluntary chapter 7 petition on May 21, 2009. Pursuant to Federal Rule of Bankruptcy Procedure 2002(e), the case was originally noticed as a no-asset case and creditors were advised that it was unnecessary to file proofs of claim. Subsequently, however, the chapter 7 trustee informed the clerk of court that payment of a dividend was possible, and on July 20, 2009, the clerk notified creditors of that fact and of a proof of claim deadline of October 19, 2009. *See* Fed. R. Bankr. P. 3002(c)(5). On October 26, 2009, the court entered an order granting the Debtor a discharge.

At the time he commenced his bankruptcy case, the Debtor did not schedule APL as a creditor and consequently it did not receive notice of the Debtor's bankruptcy filing. Unaware of the bankruptcy case, APL commenced suit against the Debtor in the Chancery Court for Washington County, Tennessee on October 9, 2009, to collect a debt owed to APL by Sun Enterprises, Inc. APL alleged in the action that because the Debtor was a principal of Sun Enterprises, a dissolved Tennessee corporation, the Debtor was obligated for the debts of the corporation, including the debt owed to APL in the amount of $32,342.75, plus legal costs of $3,234.00.

Upon receiving notice of the lawsuit, the Debtor on October 23, 2009, amended Schedule F in his bankruptcy case to list APL and thereby give APL notice of his bankruptcy filing. Then, on November 18, 2009, the Debtor filed a proof of claim on behalf of APL in the amount of

$35,576.75. Additionally, the Debtor removed APL's state court action to this court pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027, thus commencing the instant adversary proceeding.

On November 18, 2009, the Debtor filed the motion to dismiss that is presently before the court, asserting under Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012, that APL's complaint fails to state a claim upon which relief can be granted because any obligation that he owed to APL has been discharged. In response, APL observes that 11 U.S.C. § 523(a)(3)(A) excepts from discharge a debt which is not scheduled "in time to permit . . . timely filing of a proof of claim." APL argues that because the Debtor did not schedule APL as a creditor until October 23, 2009, four days after the October 19, 2009 deadline for filing proofs of claim and only three days before the discharge order was entered, its claim against the Debtor is excepted from discharge. Accordingly, APL requests that this court remand the removed action to state court.

II.

As the foregoing indicates, the critical issue in determining both the Debtor's motion to dismiss and APL's motion to remand is whether the Debtor's alleged debt to APL has been discharged or excepted from discharge. Section 523(a)(3)(A) of the Bankruptcy Code provides that an individual is not discharged from a debt[1] neither listed nor scheduled "in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing . . . ." 11 U.S.C. § 523(a)(3)(A). As explained by the Sixth Circuit Court of Appeals, such debts are deemed nondischargeable "because an injustice will result if the debt is discharged in a situation where the creditor never had the opportunity to participate in the distribution of the assets of the estate." *Zirnhelt v. Madaj (In re Madaj)*, 149 F.3d 467, 470 (6th Cir. 1998). Because there has been no allegation that APL had actual knowledge of the Debtor's

---

[1] By its terms, 11 U.S.C. § 523(a)(3)(A) does not apply to any kind of debt, but debts "not of a kind specified in paragraph (2), (4), or (6) of [§ 523(a)] . . . ." Debts in these paragraphs are those which arose from fraud, misconduct of a fiduciary or embezzlement or larceny, or willful and malicious injury, respectively. APL makes no argument that the debt owed to it falls within these paragraphs and its lack of argument in this regard is confirmed by its state court complaint.

bankruptcy filing prior to its receipt of notice from the Debtor, this court's inquiry is limited to whether APL's claim was scheduled in time to permit timely filing of a proof of claim so that APL can participate in the distribution of the assets from the Debtor's estate. Absent such participation, APL's claim will undeniably be excepted from discharge under § 523(a)(3)(A).

As previously noted, the clerk of court set a proof of claim deadline of October 19, 2009, in the Debtor's bankruptcy case. This notice was set pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(5), which provides:

> If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

Because APL did not receive notice of the Debtor's bankruptcy filing until he scheduled APL as a creditor on October 23, 2009, APL, undeniably, was unable to file a proof of claim by the October 19, 2009 deadline set by the clerk.

Notwithstanding the inability of APL to meet the October 19, 2009 deadline, the Debtor filed a proof of claim on APL's behalf on November 18, 2009, in the same amount APL sought to collect from the Debtor in its complaint. The Debtor argues that because of this filing, APL has a timely-filed claim such that its claim is not excepted from discharge. This court agrees.

Section 501(c) of the Bankruptcy Code provides that: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." Section 501(c) of the Code is implemented by Federal Rule of Bankruptcy Procedure 3004 which states:

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee.

Applying Rule 3004 to the present case, because the time for creditors to file claims pursuant to Rule 3002(c)(5) expired on October 19, 2009, the debtor or trustee had thirty days from this date, or until November 18, 2009, in which to file a claim on behalf of a creditor. *See* Fed. R. Bankr. P. 9006(a). Thus, the claim filed by the debtor on behalf of APL on November 18, 2009, the last day of this

additional thirty day period, was timely under Rule 3004.

Because APL's claim was timely filed, albeit by the Debtor, it was not excepted from discharge under § 523(a)(3)(A). As noted, this provision only excepts from discharge claims which were neither listed nor scheduled "in time to permit . . . timely filing of a proof of claim." There is no requirement in the statute that the debt be scheduled or listed in time to permit timely filing by *the creditor*, only timely filed *period*. Accordingly, the plain language of the statute does not provide for an exception from discharge in this case.

Moreover, the purpose of § 523(a)(3)(A), to prevent the discharge of a debt where the creditor will not have the opportunity to participate in the distribution of the assets of the estate, is not presented here. *See In re Madaj*, 149 F.3d at 470. The 2005 Advisory Committee Note to Rule 3004 states that "[p]roviding the debtor and the trustee with the opportunity to file a claim ensures that the claim will participate in any distribution in the case." Because the Debtor timely filed a claim on APL's behalf, APL will be able to share in the distribution of the assets of the Debtor's bankruptcy estate. As explained by one court in addressing the allowability of a claim filed by a trustee pursuant to § 501(c) and Rule 3004:

> [Section 501(c)] clearly permits the Trustee to file a proof of claim on behalf of a creditor that failed to file one, and Rule 3004 sets the time limit. If the Trustee complies with that time limit, then there is nothing in either the Rules nor the Bankruptcy Code to support disallowance of the claim.

*In re Schmidt*, 333 B.R. 868, 870 (Bankr. N.D. Fla. 2005).

And, lastly, not only will APL share in the distribution of assets of the estate, it will also share to the same extent as if it had timely filed the claim itself. Under the chapter 7 distribution scheme set forth in § 726 of the Bankruptcy Code, second in payment, after payment of priority claims, are allowed unsecured claims, proof of which is "timely filed under section 501(a) [or] . . . 501(b) or 501(c) of this title . . . ." 11 U.S.C. § 726(a)(2)(A) and (B). Section 501(a) authorizes a creditor to file a proof of claim, while § 501(b) permits a codebtor, surety or guarantor to file a proof of claim on behalf of the creditor to which he or she is liable if the creditor does not timely file a proof of claim. 6 *Collier on Bankruptcy* ¶ 726.02[2] (15th ed. rev. 2009). And, as previously noted, § 501(c) authorizes the debtor or trustee to file a proof of claim if the creditor does not timely

file one. *Id.* Thus, regardless of whether a claim is filed by a creditor on its own behalf, or by a codebtor, surety or guarantor on behalf of the creditor, or by the debtor or trustee on behalf of the creditor, as long as the claim is timely filed, it is entitled to payment under § 726(a)(2) on par with the other timely claims.

According to the Sixth Circuit Court of Appeals, this full participation right, or the lack thereof, is the critical key to dischargeability determinations under § 523(a)(3)(A). *See Kowalski v. Romano (In re Romano)*, 59 Fed. Appx. 709 (6th Cir. 2003). At issue in *Romano* was whether the claim of a creditor who was not scheduled in the debtor's bankruptcy case was discharged under § 523(a)(3)(A). As in the present case, the bankruptcy case in *Romano* was originally noticed as a no-asset case, with the clerk subsequently issuing a notice to file claims, setting a claim bar date of November 29, 1984. The unscheduled creditor learned of the bankruptcy filing in 1985, but no claim was filed either by the creditor or on her behalf, and assets of the bankruptcy estate were thereafter distributed in 1986, with the unscheduled creditor receiving no distribution. The bankruptcy case closed in 1987. Thereafter, when the unscheduled creditor sought to collect her claim, the debtor moved to reopen her bankruptcy case and discharge the creditor's debt against her. The bankruptcy court granted both requests and the Sixth Circuit Court of Appeals affirmed. *Id*. at 710-11.

As in the present case, the creditor in *Romano* argued that her claim was excepted from discharge under § 523(a)(3)(A) because she did not have notice of the bankruptcy in time to timely file a proof of claim, as the plain language of the statute requires. The court of appeals refused, however, to mechanically apply the § 523(a)(3) exception to all claims not capable of being timely filed. The court explained that "in Chapter 7 cases § 523(a)(3) must be read in conjunction with §726(a)(2)(C)." Under this provision of the Bankruptcy Code, tardy claims filed in a chapter 7 case by a creditor without notice or actual knowledge of the bankruptcy case in time to timely file a proof of claim are allowed with the same priority as timely filed claims if they are filed before the distribution of the bankruptcy estate. *Id.* (citing 11 U.S.C. § 726(a)(2)(C)(ii)); *see also* 11 U.S.C. § 502(b)(9) (disallowing untimely claims "except to the extent tardily filed as permitted under paragraph (1), (2) or (3) of section 726(a)"). Observing that exceptions to discharge in § 523(a) must be narrowly construed to promote the central purpose behind the Bankruptcy Code of

6

providing a fresh start for the debtor, and that the significance of filing a proof of claim is to share in the distribution of the estate, the court of appeals reasoned that both purposes could be served by construing § 523(a)(3)(A)'s timely-filed requirement to include tardily-filed claims under § 726(a)(2)(C). Accordingly, because the unscheduled creditor in the case before it had notice of the bankruptcy prior to the distribution of assets and could have fully participated in the distribution by "tardily" filing a proof of claim, the same as if the creditor had timely filed a proof of claim, the court concluded that the creditor's claim was not excepted from discharge under § 523(a)(3)(A). *Id.* at 714.[2]

In the instant case, as in *Romano*, the unscheduled creditor APL may fully participate in the assets of the bankruptcy estate. Thus, as noted, the purpose behind § 523(a)(3)(A) is served. Moreover, because APL's proof of claim was timely filed by the Debtor, it is unnecessary to determine whether a mechanical, plain-language approach or a policy-driven approach should be adopted, as was the issue in *Romano*. Regardless of the statutory interpretation employed, APL's claim is not excepted from discharge under § 523(a)(3)(A).

### III.

The sole basis of APL's motion to remand is that its state court action against the debtor is excepted from discharge under 11 U.S.C. § 523(a)(3)(A). This court having found against APL on this issue, the court will enter an order denying APL's motion. Similarly, the basis of the Debtor's motion to dismiss the complaint for failure to state a claim is that APL seeks to recover a claim that has been discharged. The court having found for the Debtor on this issue, the court will enter an order in accordance with this memorandum opinion dismissing the complaint.

# # #

---

[2] *See also Lott Furniture, Inc. v. Ricks (In re Ricks)*, 253 B.R. 734 (Bankr. M.D. La. 2000); *So. Pac. Land Co. v. Kuhr (In re Kuhr)*, 132 B.R. 421 (Bankr. E.D. Cal. 1991); *Eglin Fed. Credit Union v. Horlacher (In re Horlacher),* No. 3:08CV173, 2009 WL 903620 (N.D. Fla. March 31, 2009) (accord with *Romano*); *but see Schlueter v. State Farm Mut. Ins. Co. (In re Schlueter)*, 391 B.R. 112 (B.A.P. 10th Cir. 2008); *Purcell v. Khan (In re Purcell)*, 362 B.R. 465 (Bankr. E.D. Cal. 2007) (holding that notwithstanding full participation of a tardily-filed claim under § 726(a)(2)(C), a claim not capable of being "timely filed" is excepted from discharge under § 523(a)(3)(A)).